## PEOPLE v. SILVAS.

### No. 20,032; December 26, 1884.

5 Pac. 246.

**Homicide—Evidence—Instructions.—Verdict of the Jury,** finding defendant guilty of the crime of murder, held justified by the law and evidence given in the case. Instructions held full and correct.

APPEAL from the Superior Court of Los Angeles County.

Z. T. Carson for appellant; Attorney General for respondent.

MORRISON, C. J.—The district attorney filed an information in the superior court of Los Angeles county, charging the defendant with the crime of murder, alleged to have been committed in the city of Los Angeles on the morning of July 21, 1884. The facts in the case are clearly established by the evidence, and are briefly as follows: James McIntyre, the party killed, and a friend named Hickey were passing along New High street, in Los Angeles, when they saw the defendant sitting in a chair on the sidewalk nearly opposite a saloon

kept by one Olivier. The sidewalk at that place was about seven feet wide, and the man was sitting between two and three feet from the side of the house, occupying very nearly the middle of the walk. As the deceased and Hickey passed the defendant between him and the house, one of them rubbed against him, struck him with his foot on the leg, and knocked his hat off, as the defendant says, whereupon the defendant got up from the chair upon which he was sitting and addressed a very opprobrious epithet to the two men, particularly to Hickey, and drawing a large knife, the blade of which was about six inches in length, made a hostile demonstration with it, Hickey being the particular object of his anger. Thereupon the deceased struck at the defendant. The evidence does not show clearly whether the blow reached the defendant or not. At all events, it was a blow with the fist simply, and did not do the defendant any injury. Thereupon the defendant attacked the deceased with his knife, and pursued him at least eighty or one hundred feet, striking at him and cutting him with the knife until the deceased fell upon the ground and died in a few minutes. The savage nature of the attack is shown by the character of the wounds inflicted. The physician who made the post mortem testified as follows:

"The external examination showed five wounds; two on the fingers of the right hand—one on the back of one finger and the other on the under side of the next finger. These two lay in a direct line with each other, and could have been made at one time with a double-edged knife. They were small wounds. Another wound was in the left groin, one inch and a half in length, and out of this the bowels were protruding about eight or ten inches. There was another wound in the left side, about an inch and a half or two inches from the left nipple, and an inch long. The fifth wound was on the same side, just back of the shoulder joint. . . . . Both the wound in the groin and the one in the side were necessarily fatal, and, ordinarily, life would last about ten or fifteen minutes after the infliction of such wounds."

No weapon of any kind was found on the body of the deceased, and it is not pretended that any was seen by any of the witnesses—not even by the defendant. The case is one of a felonious attack by the defendant upon Hickey, an attempt by

the deceased, however rash and inefficacious, to resist such an attack, and then a most ferocious and bloodthirsty assault on deceased. The defendant pursued his unarmed and unresisting victim for eighty, and perhaps one hundred, feet, cutting at him with his knife and inflicting on him wounds from which he died in a few minutes. The learned counsel for the defendant labors to show that the crime does not rise higher than the degree of manslaughter; but the jury found the defendant guilty of murder in the first degree, and we do not see anything harsh or unreasonable in the verdict. The charge of the court to the jury is remarkably full, clear, and correct. With the law as laid down by the court the defendant had no cause of complaint; and the verdict of the jury is fully justified by that law, and the evidence given in the case. Judgment and order affirmed.

We concur: Ross, J.; Myrick, J.; Thornton, J.